UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

In re:
AARON CANTÚ'S APPLICATION FOR
VIDEO ACCESS TO REMOTE CRIMINAL
PROCEEDINGS CONDUCTED BY VIDEO         Case No. 2:21mc9

## ORDER

This matter is before the Court on a "Petition for Public Video Access to Criminal Proceedings Conducted by Video," filed by journalist Aaron Cantú. ECF No. 1. Mr. Cantú's petition does not challenge the Court's decision to conduct certain criminal proceedings remotely during the emergency caused by the COVID-19 pandemic; rather, it argues that remote audio access is insufficient and that he has a First Amendment right to remote video access to such virtual proceedings. Id.

Pursuant to the CARES Act passed by Congress in March of 2020, and the subsequent finding of the Judicial Conference of the United States that the COVID-19 national emergency is materially affecting the functioning of federal courts, on March 30, 2020, this Court authorized certain CARES Act-approved criminal proceedings to be conducted remotely by video conferencing. See Case No. 2:20mc7, Gen. Order No. 2020-09. The following week, in anticipation of future virtual criminal hearings becoming "fully remote," meaning that the public would no longer have access to a courtroom where one or more hearing participants were present,

this Court issued General Order No. 2020-11, which authorized a toll-free telephone conference line to be used to provide members of the press and public access to virtual criminal proceedings.[1] Such authorization resulted solely from the COVID-19 pandemic and, by its express terms, was temporary in nature. Id. at 6.

On June 10, 2021, Mr. Cantú filed his petition highlighting what he perceives to be deficiencies with the degree of "access" to virtual criminal hearings available to the press and public because General Order 2020-11 only authorizes remote access to the audio stream of CARES Act criminal proceedings, as contrasted with the video stream. The petition, which is the first challenge this Court has received since the telephonic access policy was adopted, asserts that limiting public access to only the audio stream for remote criminal proceedings violates the First Amendment of the United States Constitution and asks for "a modification of . . . General Order 2020-11 . . . to allow non-parties such as himself reasonable visual access to criminal proceedings conducted by video in this District." ECF No. 1, at 1.

Having carefully reviewed Mr. Cantú's detailed petition, the Court finds that the requested relief has been rendered moot by the fact that "criminal proceedings conducted by video" are no longer authorized in this District. Notably, due to improving

---

[1] The toll-free public line was also authorized to be used for civil proceedings that were conducted remotely during the pandemic.

2

pandemic conditions resulting from Virginia's effective COVID-19 vaccination program, this Court recently elected not to renew the authorization for remote CARES Act criminal proceedings, as confirmed by General Order 2021-09. See Case No. 2:20mc7, Gen. Order 2021-09 (formally announcing that virtual criminal hearings are no longer authorized in this District and terminating the temporary policy for telephonic access to remote criminal proceedings). Absent such authorization, further virtual criminal hearings are not permitted in the Eastern District of Virginia. In light of such developments, any dispute regarding the contours/scope of public access to virtual criminal proceedings is moot.

For these reasons, Mr. Cantu's petition is **DISMISSED as moot**. ECF No. 1. The Clerk is requested to provide a copy of this Order to Mr. Cantu and **TERMINATE** the case.

**It is so ORDERED.**

/s/ Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June  28 , 2021

3